RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0860-MR

COMMONWEALTH OF KENTUCKY,
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION                                          APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 20-CI-00944

CAREY RENNEKAMP AND
TRANSIT AUTHORITY OF
NORTHERN KENTUCKY                                             APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE: JONES, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: The Commonwealth of Kentucky, Kentucky Unemployment

Insurance Commission ("KUIC"), appeals from the Kenton Circuit Court's order

reversing its decision to deny unemployment benefits to Carey Rennekamp

("Rennekamp"). For the reasons below, we reverse.

Rennekamp began working for the Transit Authority of Northern Kentucky ("TANK") in 2018 and was terminated on January 29, 2020, for allegedly falsifying her timesheet. As the company's marketing manager, Rennekamp's schedule was somewhat flexible, however, she was expected to work at least forty hours a week and to accurately report the amount of time she worked. On the morning of December 24, 2019, Rennekamp submitted her weekly timesheet, anticipating she would work eight hours that day. But her plans changed and Rennekamp left work early to attend mass with her family, never updating her timesheet.

Rennekamp's supervisors became aware of the discrepancy and questioned her about the accuracy of her timesheets for the two weeks surrounding the holidays. On January 17, Gina Douthat ("Douthat"), TANK's Deputy General Manager, sent an email to Rennekamp and another employee asking them to review their timesheets. The email specifically noted that company policy required employees to accurately report hours worked and if an employee reported eight hours on their timesheet it was expected that they worked eight hours that day.

On January 20, Rennekamp met with Douthat to review changes to her timesheet. Rennekamp had revised her timesheet to include additional hours she had worked that week but had made no changes to reflect leaving early on December 24. Douthat testified that she specifically questioned Rennekamp about

the accuracy of her December 24 entry at this meeting.[1]  Rennekamp disputes this, claiming she was unaware December 24 was the date at issue until being placed on leave on January 28.  According to Douthat, she asked Rennekamp if her December 24 entry was correct and Rennekamp confirmed that she had worked eight hours that day, even mentioning she may have left around 4:00 or 4:30 p.m. to attend mass.

Douthat met with Rennekamp again on January 28 and informed Rennekamp that falsifying timesheets was a terminable offense.  On January 28, Rennekamp was placed on leave.  That afternoon, Rennekamp sent an email to Douthat admitting she left early on December 24.  Rennekamp alleged it was an innocent mistake and she had forgotten mass time had moved up that day until her sister reminded her.  The next day, TANK terminated Rennekamp's employment.

Rennekamp filed a claim for unemployment benefits which was initially denied based upon a finding that Rennekamp had been discharged for dishonesty connected with her work.  She appealed and following a hearing, the referee determined that Rennekamp was entitled to benefits.  KUIC conducted a *de novo* review and reversed the referee's decision.  It ruled that Rennekamp was

---

[1] Douthat contradicted this statement at another point in her testimony, claiming it was at a January 28 meeting where she specifically questioned Rennekamp about her December 24 entry.

disqualified from receiving unemployment benefits based upon KRS[2] 341.370(1)(b), discharged for misconduct or dishonesty connected with her work.

Specifically, it held that pursuant to KRS 341.370(6), Rennekamp was discharged for refusing to obey Douthat's reasonable instruction that she review her timesheets for accuracy. It also determined she was dishonest in failing to accurately report her time. KUIC found Rennekamp's claim of mistake not credible considering the many opportunities she was given to verify and correct her timesheet. It noted Rennekamp did not admit to falsely reporting her time until after she was suspended.

The Kenton Circuit Court reversed, holding that Rennekamp's "misstatement of time amounted to a 'good faith error in judgment or discretion[.]'" The court found that there was "no evidence that [Rennekamp's] behavior was actually 'dishonest;' rather the evidence is overwhelming that it was simply 'mistaken.'" It noted that as soon as Rennekamp realized her error, she attempted to correct it, crediting Rennekamp's testimony over the findings of KUIC. This appeal followed.

In *Thompson v. Kentucky Unemployment Insurance Commission*, 85 S.W.3d 621 (Ky. App. 2002), this Court set forth the applicable standard of review of an administrative agency's decision as follows:

---

[2] Kentucky Revised Statutes.

The judicial standard of review of an unemployment benefit decision is whether the KUIC's findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. Substantial evidence is defined as evidence, taken alone or in light of all the evidence, that has sufficient probative value to induce conviction in the minds of reasonable people. If there is substantial evidence to support the agency's findings, a court must defer to that finding even though there is evidence to the contrary. A court may not substitute its opinion as to the credibility of the witnesses, the weight given the evidence, or the inferences to be drawn from the evidence. A court's function in administrative matters is one of review, not reinterpretation.

*Id.* at 624 (footnotes omitted).

We first note that Rennekamp has not filed an appellee brief. If an appellee brief has not been filed within the time allowed, this Court may (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. CR[3] 76.12(8)(c). Upon review, KUIC's brief reasonably appears to sustain reversing the circuit court. With this in mind, we will address the merits of the appeal.

KUIC argues the circuit court erred by reweighing the evidence, assessing witness credibility, and substituting its judgment for KUIC's. We agree.

---

[3] Kentucky Rules of Civil Procedure.

The circuit court determined no substantial evidence supported KUIC's finding that Rennekamp was dishonest in her time reporting. In doing so, it reevaluated the evidence and made credibility determinations, actions outside of its purview as a reviewing court. *See Thompson*, 85 S.W.3d at 624 (footnote omitted) ("A court's function in administrative matters is one of review, not reinterpretation.").

For instance, the circuit court found Rennekamp was unaware December 24 was the relevant date until the January 28 meeting, contradicting KUIC's finding that Douthat specifically questioned Rennekamp about her December 24 timesheet at the January 20 meeting. As another example, the circuit court held there was no evidence Rennekamp was being dishonest when she failed to accurately report her hours worked on December 24. Instead, it found she had simply been mistaken, crediting Rennekamp's testimony over other evidence to the contrary. KUIC found Rennekamp's claim of mistake not credible based upon the number of opportunities she had to verify and correct the error.

"As the fact-finder, the KUIC has the exclusive authority to weigh the evidence and the credibility of the witnesses." *Thompson*, 85 S.W.3d at 626. "If there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 245-46

(Ky. 2012) (citation omitted). Here, substantial evidence supported KUIC's finding that Rennekamp was discharged for dishonestly reporting her time.

Douthat testified she specifically questioned Rennekamp about her December 24 timesheet entry on January 20. While Rennekamp disputes this, it was in KUIC's discretion to believe Douthat's testimony over Rennekamp's. Based upon this finding, Rennekamp had an entire week to verify and correct the error. Because Rennekamp did not admit the error until after she was suspended on January 28 and after ample time to investigate the December 24 entry's accuracy, KUIC found Rennekamp's claim of mistake not credible. The circuit court erred in reweighing the evidence and substituting its judgment for the agency's on this issue.

Having found that Rennekamp was discharged for dishonesty in connection with her work, KUIC properly held she was disqualified from receiving unemployment benefits. Pursuant to KRS 341.370(1)(b), "[a] worker shall be disqualified from receiving benefits for the duration of any period of unemployment with respect to which . . . [h]e has been discharged for . . . dishonesty connected with his most recent work[.]" Because KUIC correctly applied the law to the facts, the circuit court erred in reversing its decision. *Cecil*, 381 S.W.3d at 246 ("If the reviewing court concludes the rule of law was correctly

applied to facts supported by substantial evidence, the final order of the agency must be affirmed.").

Finally, KUIC argues the circuit court erred in not considering its additional reason for finding Rennekamp disqualified from receiving unemployment benefits – that she was discharged for misconduct for refusing to obey reasonable instructions under KRS 341.370(6). Because we reverse for the above stated reasons, we need not address this argument.

JONES, JUDGE, CONCURS IN RESULT ONLY.

MAZE, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

MAZE, JUDGE, CONCURRING IN RESULT: I agree with the result reached by the majority, but I do so on different grounds. I agree with the circuit court that the KUIC's determination that Rennekamp was terminated for dishonesty was not supported by substantial evidence. However, I must reluctantly conclude that there was substantial evidence to support the KUIC's finding that she was terminated for failure to follow her employer's reasonable instructions. Hence, I join in the majority's decision to reverse the circuit court's order and reinstate the KUIC's order.

As an initial matter, I agree with the majority that Rennekamp's failure to file an appellee's brief weighs against her in this appeal. Thus, the majority properly focuses on whether KUIC's brief reasonably sustains a reversal

of the circuit court's decision. CR 76.12(8)(c). Likewise, our standard of review requires that we give considerable deference to the KUIC's factual findings, particularly in matters relating to weight and credibility of the evidence. *Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky. App. 2002).

But unlike the majority, I agree with the circuit court that the KUIC's finding of dishonesty was not supported by substantial evidence. In its findings, the KUIC disbelieved Rennekamp's explanation that she made an unintentional mistake in filling out her timesheet. However, the evidence was uncontradicted that Rennekamp filled out and submitted her timesheet early on December 24, but left work some two hours earlier than she had planned. In the proceedings before the circuit court, TANK conceded that this error was unintentional and was not a disqualifying event with respect to her entitlement to unemployment benefits under KRS 341.370(6).

TANK makes much of Rennekamp's later conduct in failing to correct the erroneous entry. As discussed below, I believe that this supports the alternative ground for disqualification. But I agree with the circuit court that the evidence overwhelmingly supports a conclusion that Rennekamp was simply mistaken and failed to appropriately correct the erroneous entry on her timesheet. Therefore, I

would affirm the circuit court's reversal of the KUIC's decision based on dishonesty.

The majority does not address the KUIC's additional conclusion that Rennekamp was discharged for misconduct for refusing to obey reasonable instructions. The KUIC found that Ms. Douthat brought the timesheet discrepancy to Rennekamp's attention and specifically directed her to review the accuracy of "holiday weeks," including the week of December 24, 2019. Rennekamp filed a revised timesheet for other days but did not correct the entry for December 24.

Even assuming that Rennekamp simply forgot about leaving early on Christmas Eve, she was clearly instructed to closely scrutinize her entries for that time period. The Referee noted that Ms. Douthat advised another employee of a similar timesheet discrepancy, which was immediately corrected. Rennekamp did not attempt to confirm her work hours on December 24 until after Ms. Douthat confronted her nearly a month later. The KUIC interpreted this evidence to support its conclusion that Rennekamp failed to appropriately review her timesheet as directed.

Admittedly, disqualification from receiving unemployment benefits seems like a harsh result. Rennekamp had received positive evaluations prior to this incident and had no other disciplinary issues. This single lapse arose around a major holiday when she was undoubtedly preoccupied with many other things.

TANK could easily have decided that sanctions other than termination were warranted. But given our standard of review, I cannot say that the KUIC's disqualification of Rennekamp on this ground was unsupported by substantial evidence. Therefore, I must agree with the majority that the circuit court's order should be reversed on this basis.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Matthew P. Lynch
Frankfort, Kentucky